**Frank HAYES, Plaintiff–Appellant,**

v.

**UNITED PARCEL SERVICE, INC., Defendant–Appellee.**

**No. 00–5296.**

United States Court of Appeals, Sixth Circuit.

Aug. 20, 2001.

Before JONES and DAUGHTREY, Circuit Judges, ECONOMUS, District Judge.*

PER CURIAM.

Plaintiff–Appellant Frank Hayes appeals the district court's order granting summary judgment in favor of Defendant–Appellee United Parcel Service, Inc. ("UPS") on Hayes' Americans with Disabilities Act ("ADA") claim. 42 U.S.C. § 12101 *et seq.* We conclude that the plaintiff offered sufficient evidence to raise a genuine issue of material fact concerning whether he was disabled as defined by the ADA. However, because the district court did not address the other elements of plaintiff's claim, and we decline to do so in the first instance, we remand to the district court for further consideration of the motion.

I.

Hayes sustained a back injury in October of 1994 while he was working for UPS as a feeder driver. Dr. Paul Broadstone, who diagnosed Hayes with a herniated disc, told Hayes that it might heal over time but that 100% recovery was unlikely. In December of 1994, Dr. Broadstone released Hayes to work, with the following medical work restrictions: Hayes needed to change positions frequently, refrain from sitting for more than one hour at a time, refrain from repetitive bending, and lift no more than 15 pounds. (J.A. at 163; 273.) At this point, Hayes called the manager of the UPS feeder center and requested reassignment to a position he could perform consistent with his restrictions, but the manager told him that he would have to be 100% before he could return to work. (J.A. at 175.)

* The Honorable Peter C. Economus, United States District Judge for the Northern District of Ohio, sitting by designation.

Hayes participated in a work hardening program from January to May 1995. (J.A. at 347.) During the program, his physical abilities were regularly evaluated. His sitting ability was consistently measured at 20 or 25 minutes. After completing the program, his lifting restriction was increased to 35 pounds. The center in which the program was based recommended that Hayes be given light work, but UPS refused.

Hayes and the union that represented him requested on multiple occasions that UPS provide him with work that was consistent with his physical capabilities.[1] However, Hayes' pay and benefits were terminated on January 25, 1996. In March of 1999, Hayes' lifting restrictions were increased to 50 pounds, and on May 2, 1999, Hayes was finally reinstated by UPS in the part-time position of car washer.

## II.

We review the district court's order granting summary judgment on a *de novo* basis. *See Terry Barr Sales Agency, Inc. v. All–Lock Co., Inc.*, 96 F.3d 174, 178 (6th Cir.1996). Therefore, the district court's order should only be affirmed if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED R. CIV. P. 56(c). In deciding a summary judgment motion, "the inferences to be drawn from the underlying facts ... must be viewed in the light most favorable to the party opposing the motion." *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) (quoting *United States*

*v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962)). However, "[t]he mere existence of a scintilla of evidence to support the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Copeland v. Machulis*, 57 F.3d 476, 479 (6th Cir.1995) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).

## III.

The ADA covers all private employers with fifteen or more employees and provides that

No covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

42 U.S.C. § 12112(a). "The term 'discriminate' includes 'not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee, unless such covered entity can demonstrate that the accommodation would impose an undue hardship ....'" *Roush v. Weastec, Inc.*, 96 F.3d 840, 843 (6th Cir.1996) (quoting 42 U.S.C. § 12112(b)(5)(A)). Thus, in order for the plaintiff to prevail on his ADA claim, he must show that: "(1) [he] has a disability; (2)[he] was qualified for the job; and (3)[he] either was denied a reasonable accommodation for [his] disability or was subject to an adverse employment decision

---

1. In fact, the union even requested that Hayes be reassigned to a non-union position. (J.A. at 396.)

that was made solely because of [his] disability." *Roush* 6 F.3d at 843.

■ The district court granted the motion based only on Hayes' failure to satisfy the first element, and this was the only element that the district court addressed. In our view, however, Hayes established a genuine issue of material fact with respect to whether he was disabled as defined by the ADA.

A disability is defined under the ADA as: "(A) a physical or mental impairment that substantially limits one or more of the major life activities of [an] individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(2). Hayes argues that he is actually disabled and, in the alternative, that UPS regarded him as disabled. We agree that Hayes has put forth sufficient evidence to raise a question of fact with respect to whether he has an actual impairment that satisfies the first definition. Therefore, it is unnecessary to address his alternative argument.

Consideration of whether an individual satisfies the definition of disabled set forth in subsection (A) involves a three-step process: (1) determining whether Hayes has a physical or mental impairment, (2) identifying the life activity upon which Hayes relies and determining whether it constitutes a major life activity under the ADA, and (3) determining whether the impairment substantially limited the major life activity. *See Bragdon v. Abbott*, 524 U.S. 624, 631, 118 S.Ct. 2196, 141 L.Ed.2d 540 (1998). There is no dispute in this case that Hayes has a physical impairment related to his back injury. (J.A. at 32.) UPS argues, however, that Hayes is not substantially limited in any major life activity.

Hayes points to three major life activities with respect to which he claims to be impaired: working, sexual relations, and sitting. Working, however, should be considered as as a major life activity "*only* 'if an individual is not substantially limited with respect to *any other* major life activity.'" *Sutton v. United Air Lines, Inc.*, 527 U.S. 471, 492, 119 S.Ct. 2139, 144 L.Ed.2d 450 (1999) (quoting 29 CFR pt. 1630, App. § 1630.2(j) (1998)) (emphasis supplied in *Sutton*). We need not do so here. Sexual relations has been defined by some courts as a major life activity for purposes of the ADA, *see McAlindin v. County of San Diego*, 192 F.3d 1226, 1234 (9th Cir.1999), but this Court has not voiced an opinion on that issue and it is unnecessary to resolve the question here. Sitting, on the other hand, is clearly accepted as a major life activity. In fact, the EEOC's Interpretive Guidance specifically includes sitting in its illustrative list of major life activities:

> "Major life activities" are those basic activities that the average person in the general population can perform with little or no difficulty. Major life activities include caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working. This list is not exhaustive. For example, other major life activities include, but are not limited to, *sitting*, standing, lifting, reaching.

29 C.F.R. pt. 1630, App. § 1630.2(i) (emphasis added), *quoted in Penny v. UPS*, 128 F.3d 408, 414 (6th Cir.1997).

To support his claim that his back injury substantially limited in his ability to sit, Hayes claims that after he was released to return to work his sitting capability was limited to 20 to 25 minutes. His contention is supported by evidence in the record. From February to May of 1995, Hayes participated in an occupational readiness program, and in each of the program's evaluations Hayes' sitting capability was measured at either 20 or 25 minutes. This is sufficient to create a

genuine issue of material fact with respect to whether Hayes was substantially limited in the major life activity of sitting.[2]

The district court concluded that it could not determine whether Hayes' limitation was substantial because Hayes had not presented proof comparing his restrictions to that of an average person. It is true that when a person alleges that he is substantially limited—not totally disabled—with respect to a major life activity the question is whether he is "[s]ignificantly restricted as to the condition, manner or duration under which [he] can perform a particular major life activity *as compared* to the condition, manner, or duration under which *the average* person in the general population can perform that same major life activity." 29 C .F.R. § 1630.2(j)(1)(ii) (emphasis added). However, contrary to the district court's view, we do not believe that Hayes was required to come forth with some sort of additional evidence comparing his ability to sit with the ability of the average person.

The only case from this court that the district court cited to support this proposition is *Lamb v. Bell County Coal Corp.*, No. 98–5751, 1999 WL 717976, 1999 U.S.App. LEXIS 22201, at *7 (6th Cir. Sept. 9, 1999). *Lamb* and the published opinion on which it relied, *Penny v. UPS*, 128 F.3d 408 at 415, correctly recognize that a person is substantially limited if he is significantly restricted in the manner, condition, or duration under which he can perform a major life activity in comparison to an average person. The Court did not in either case, however, discuss a requirement of comparative evidence. The point in both of these cases was that the plain-

tiffs did not meet the "substantially limited" standard because they merely experienced some discomfort when they walked. Moreover, the instant case significantly differs from *Penny* and *Lamb*. First of all, Hayes has put forth credible evidence to support his claimed restriction. Second, the 20–25 minute limit involved here constitutes a more serious restriction on a person's ability to sit than the impact moderate discomfort has on a person's ability to walk.

The plaintiff in this case has submitted evidence indicating that his injury rendered him unable to sit for longer than 20 or 25 minutes. He need not provide information concerning the average person's ability to sit. Common sense and life experiences will permit finders of fact to determine whether someone who cannot sit for more than this period of time is significantly restricted as compared to the average person. *See Maynard v. Pneumatic Prod. Corp.*, 256 F.3d 1259 (11th Cir.2001) (Fletcher, J., dissenting). Moreover, we are unwilling to hold that as a matter of law the inability to sit for more than 20–25 minutes is not a significant restriction.

Thus, we hold that Hayes has put forth sufficient evidence to raise a genuine issue of material fact concerning whether he is "disabled" for purposes of the ADA. We remand this claim to the District Court for consideration of whether the defendant is nonetheless entitled to summary judgment,[3] or, alternatively, for a trial on the merits of plaintiff's ADA claim.

---

**2.** UPS represents Hayes' sitting capability as limited to one hour. We recognize that the restrictions imposed by Hayes' doctor limited his sitting to one hour. However, at the summary judgment stage we are required to view the evidence in the light most favorable to the plaintiff; thus, we will assume that he was unable to sit for more than 20 or 25 minutes.

**3.** The district court may grant summary judgment in favor of UPS if it finds that Hayes has not raised a genuine issue of material fact on another element of his ADA claim.

### IV. Conclusion

For the reasons stated above, we RE-VERSE the district court's order granting summary judgment in favor of the defendant on plaintiff's ADA claim, and we RE-MAND to the district court for further proceedings not inconsistent with this opinion.